J-S21019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT HALL | : | |
| | : | |
| Appellant | : | No. 2201 EDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0409511-1997

BEFORE:  STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 06, 2019**

Robert Hall (Appellant) appeals from the dismissal of his sixth petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

In April 1998, a jury convicted Appellant of second degree murder and related crimes.  The trial court—who also presided over the underlying PCRA proceedings—sentenced Appellant to life in prison.  Appellant filed a direct appeal and this Court affirmed his judgment of sentence; the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***See Commonwealth v. Hall***, 750 A.2d 368 (Pa. Super. 1999), *appeal denied*, 759 A.2d 383 (Pa. 2000).

In the past decade, Appellant has unsuccessfully sought relief under the PCRA.  With regard to Appellant's most recent filing, the PCRA court explained:

On November 28, 2017, [Appellant] filed his sixth *pro se* Post Conviction Relief Act petition. The petition spanned 379 pages and failed to present a discernible argument suggesting it is timely pursuant to 42 Pa.C.S.A. § 9545. As such, this court issued 907 Notice of Intent to Dismiss on January 3, 2018.

[Appellant] filed objections to the 907 Notice on January 18, 2018. Thereafter, he also hired an attorney, Jerome Brown, Esquire, to file objections on his behalf. Mr. Brown contacted this court and requested the court delay issuing an opinion until he could file an additional set of objections on [Appellant's] behalf. The court granted the request, and Mr. Brown's objections were filed on March 12, 2018, along with a discovery request for exculpatory evidence. A response from the Commonwealth was submitted on June 8, 2018, which request[ed] the petition be dismissed.

PCRA Court Opinion, 6/11/18, at 1.

The PCRA court dismissed the petition on June 11, 2018, stating:

[Appellant's] *pro se* petition, and subsequent counseled petitions, rely upon civil rights complaints filed in Federal Court as well as the recent revelation that the Philadelphia District Attorney's Office previously compiled a list of "problem officers" who it would not call to testify in criminal cases. Pet. Obj. pg. 2. He asserts this information amounts to newly discovered evidence; however, it does not.

*Id.* at 2.

Appellant filed this timely appeal. The PCRA court filed its opinion contemporaneously with the dismissal of Appellant's petition, and did not order Appellant to comply with Pennsylvania Rule of Appellant Procedure 1925(b).

Appellant presents two issues for appellate review:

1. Where there was substantial newly discovered evidence which would compel the grant of a new trial and the lower Court

- 2 -

dismissed this petition without a hearing, did the lower Court err in dismissing this matter without holding said hearing?

2. Where it was believed that there was police misconduct in the homicide division regarding, at least, the statement of critical witness Jose Miller, who it was submitted was coerced to sign a statement he could not read, did the lower Court err in denying the motion for exculpatory evidence?

Appellant's Brief at 2.

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Williams*, 196 A.3d 1021, 1026-27 (Pa. 2018) (quoting *Commonwealth v. Washington*, 927 A.2d 586, 593 (Pa. 2007)). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013).

We first address the timeliness of Appellant's petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address a petition's merits; a petitioner seeking post-conviction relief must file a petition within one year of the petitioner's judgment of sentence becoming final. *See, e.g., Commonwealth v. Smith,* 194 A.3d 126, 132 (Pa. Super. 2018); *see also* 42 Pa.C.S.A. § 9545(b)(1). Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness

requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-85 (Pa. Super. 2008). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." **Id.** at 785.

It is well settled that a court does not have jurisdiction to entertain a petition filed after the one-year time bar unless the petitioner pleads and proves one of the time-bar exceptions. The exceptions include:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. **See**

Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Although we note the change in the law from 60 days to one year, the change does not impact Appellant, who filed his petition on November 28, 2017.

Appellant acknowledges that his PCRA petition is untimely, but claims that he satisfied the newly discovered facts exception to the PCRA's time bar. Under 42 Pa.C.S.A. § 9545(b)(1)(ii), Appellant must prove that (1) the fact was unknown to him, and (2) that he could not have ascertained the fact previously by the exercise of due diligence. **Commonwealth v. Bennett,** 930 A.2d 1264, 1270–72 (Pa. 2007). Due diligence requires that the petitioner make reasonable steps to protect his own interest. **Commonwealth v. Carr,** 768 A.2d 1164, 1168 (Pa. Super. 2001).

Appellant states that he filed the underlying petition "upon learning about improper police misconduct by some of his homicide detectives in the case of **Commonwealth v. Anthony Wright**, CP-51-CR-1131582-1991." **See** Appellant's Brief at 3. However, Appellant never specifies **when** he learned about the police conduct. Appellant references several other unrelated Philadelphia cases and claims that evidence of police impropriety in those cases "would have compelled a different verdict [in Appellant's case] as it was not character evidence." **Id.** at 16. In addition, Appellant states that he "recently discovered" – again without specifying a time – that one witness, "Kaciena Anderson, his friend, who implicated him in the case, was testifying under a grant of immunity," and another witness, "Mary Graham, had been

- 5 -

coerced to testify about certain admissions made by [Appellant's] co-defendant, which implicated [Appellant]." *Id.* at 6. Appellant asserts "this evidence would have demonstrated that this prosecution was flawed; based on unreliable witness statements; and the police misconduct was so pervasive that it infected the proceedings to the point that the trial was structurally unfair and a denial of due process." *Id.* at 16.

Upon review, we are not persuaded that Appellant has met the requirements prescribed by § 9545(b)(1)(ii). Appellant had to prove that he filed for PCRA relief within 60 days of learning facts that were unknown to him, and which he could not have ascertained previously by the exercise of due diligence. Appellant contends that "this case turns on evidence that was manipulated by the police." Appellant's Brief at 19. However, Appellant has not provided **any** timeframe or dates to explain **when** he discovered the new evidence, and **why** it could not have been previously ascertained by the exercise of due diligence. Appellant generally claims:

> [Appellant], who is incarcerated, timely uncovered significant evidence of police misconduct as described above. Furthermore, he recently learned that Kaciena Anderson was testifying under a grant of immunity. There is no evidence that [Appellant] could have known any of this evidence sooner, and he learned about this police misconduct after a civil rights complaint was filed on Mr. Wright's behalf. He filed this petition within 60 days of learning of that filing. Indeed, the Court below did not find that [Appellant] failed to meet this prong of the test nor did the Commonwealth so suggest. Hence, this prong is not at issue, and it is respectfully submitted that [Appellant] met this prong of the test.

*Id.* at 22.

- 6 -

We disagree that "this prong is not at issue." We have stated:

> A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Monaco,*** 996 A.2d 1076, 1080 (Pa.Super.2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011). **This rule is strictly enforced**. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (emphasis added).

In sum, Appellant claims that his petition meets the newly discovered facts exception based upon Appellant's discovery of police wrongdoing in other cases which Appellant imputes to wrongdoing in his case; however, Appellant fails to articulate specifics as to his dates of discovery and due diligence. As noted, the "rule is strictly enforced." ***Brown***, ***supra***. Accordingly, we find that Appellant has failed to plead and prove an exception to the PCRA's time bar, and is not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19

- 7 -